ELIZABETH BRATTON ET AL. v. MARIETTA D.
ADAMS ET AL.

No. 319..

**Description of Land Sufficient.**—"All right, title, and interest which the said Coe, deceased, had in and to the following lands, certificates for lands, bonds, etc., to wit, one-third of league of land, abstract number —, granted to Lewis Duel by virtue of patent number —, volume —," is a sufficient description to pass title to the Duel one-third of a league. It is judicially known that certificates for one-third of a league of land were headrights, and of such the beneficiary was not granted more than one.

APPEAL from Atascosa. Tried below before Hon. M. F. LOWE.

*Lane & Mayfield,* for appellants.—The deed relied on by appellees is void for want of certainty in description, for a latent ambiguity on its face, and parol evidence is not admissible to aid such description. Cocker v. Roberts, 71 Texas, 602.

*D. P. Marr,* for appellees.—1. A deed is never void on account of a latent ambiguity. It can be aided by evidence aliunde; and that is certain in law which can be rendered certain.

2. Less certain description will suffice in voluntary conveyances than in official or compulsory transfers of title. The former will nearly always pass at least the equitable title. Flanagan v. Boggess, 46 Texas, 331; Wilson v. Colman, 50 Texas, 365; 49 Texas, 219; 76 Texas, 509, 573, 619; Snow v. Star, 75 Texas, 411; 60 Texas, 322; Stout v. Paul, 71 Texas, 438; Ragsdale v. Robinson, 48 Texas, 398; Mitchell v. Ireland, 54 Texas, 301; Hill v. Allison, 51 Texas, 309; Kinney v. Vincent, 32 Texas, 125.

JAMES, CHIEF JUSTICE.—*Conclusions of Fact.*—So far as the question involved is concerned, the following are our conclusions of fact:

1. That plaintiffs are the heirs of P. H. Coe, deceased.

2. That the independent executrix of said P. H. Coe, on August 1, 1853, executed to A. P. Towns a conveyance, as follows:

"THE STATE OF TEXAS, ⎱
  "Gonzales County.  ⎰

"Know all men by these presents, that I, Elizabeth Coe, executor of Philip H. Coe, deceased, by virtue of the power and authority vested in me by the will of said P. H. Coe, deceased, which is of record in the County Court of Gonzales County, as well as for and in consideration of the sum of eight hundred and sixty-four dollars to me in hand paid by A. P. Towns, the receipt whereof is hereby acknowledged, have granted, bargained, and sold, and by these presents

do grant, bargain, sell, and convey unto said A. P. Towns, all the right, title, and interest which the said Philip Coe, deceased, had in and to the following described lands, certificates for lands, bonds, etc., to wit: One-third of league of land, abstract number —, granted to Lewis Duel by virtue of patent number —, volume —; also (808) eight hundred and eight acres of land situated in Walker County, Texas, on Nelson creek, originally granted to Lewis Duel by patent number 311, volume 13; these two tracts of land were held and owned by said Philip H. Coe by virtue of the will of Lewis Duel, deceased, which is duly recorded in Washington County, Texas, and in the records of Walker County, book C, page 202.

"Also 320 acres of land situated in Live Oak County, Texas, originally granted to Bartholomew Ridings.

"Also one-third league of land situated in Coleman County, Texas, abstract number 134, originally granted to John H. Kane; also a claim for land originally granted to Friend Boatright; also conditional certificate for six hundred and forty acres of land granted to William R. Peters; also conditional certificate for six hundred and forty acres of land granted to R. S. Barnes; also certificate for 640 acres of land granted to William S. Syle; also certificate for two-thirds league headright of Gideon Walker, together with all and singular the rights, privileges, and appurtenances to the same belonging, or in anywise incident or appertaining. To have and to hold all and singular the premises above mentioned unto the said A. P. Towns, his heirs and assigns forever. And I do hereby bind myself, my heirs, executors, and administrators, to warrant and defend all and singular the said premises unto the said A. P. Towns, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

"Given under my hand and seal, using scroll for seal, this 1st day of August, A. D. 1853.        "ELIZABETH COE.    [Seal.]

"Witness:

"W. S. SMITH,

"S. CHENAULT."

3. That defendants have title to the land in controversy under A. P. Towns.

4. That the following is the evidence of the patent and certificate touching the survey in question:

"First. Certified copy from the General Land Office of patent number 459, volume 11, issued on January 8, 1856, to the heirs of Lewis Duel, for one-third of a league of land, survey number 1273, section number 6, by virtue of certificate number 171, issued by the Adjutant-General on the 29th day of December, 1853.

"Second. Certified copy from W. L. McGaughey, Commissioner of the General Land Office, of date September 7, 1892, of the following land certificate:

"'*State of Texas.*—No. 171. One-third league: Know all to whom these presents shall come, that Lewis Duel (Alamo) having entered into the service of Texas, and fallen with Travis at the Alamo, his heirs are entitled to a one-third league of land as the headright of said Lewis Duel, under the provisions of an Act of the Legislature approved February 9, 1850, and the said heirs are entitled to hold said land and exercise all rights of ownership over the same.

"'In testimony whereof, I have hereunto set my hand and impressed my seal of office this 29th day of December, 1853.

"'JAMES S. GILLETT, Adjutant-General.

"'S. CROSBY, Commissioner General Land Office.'"

*Conclusions of Law.*—This suit was to try the title to a third of a league, the headright of Lewis Duel, in Atascosa County, the plaintiffs being admitted to be the heirs of P. H. Coe.

Plaintiffs relied upon their ancestor Coe being the common source of title, and introduced a chain of transfers under said Coe to the defendant Ellen Tom to 984 acres.

The defendants, Ellen Tom and Marietta Adams, pleaded not guilty, improvements, etc., and the former asked for a decree confirming and quieting her title to 983 acres, and the latter for a decree confirming her title to 492 acres, of the land.

Each of the aforesaid defendants introduced a chain of transfer to herself emanating from P. H. Coe, and the court rendered judgment in favor of the defendants.

The case is brought here by appellants upon a question relating to the effect of the deed from the independent executrix of the will of P. H. Coe to A. P. Towns (dated August 1, 1853), under whom defendants have conveyances. This deed from Coe's executrix to Towns purported to convey "all the right, title, and interest which said Coe, deceased, had in and to the following lands, certificates for lands, bonds, etc., to wit: One-third of league of land, abstract number —, granted to Lewis Duel by virtue of patent number —, volume —." The deed then proceeds and describes other lands specifically as to the county in which situated, and otherwise. The above in quotations is all the matter of description that by any possibility relates to the tract sued for, and there is omitted from this description the locality of the third of a league, the abstract, and the patent numbers, and in view of these omissions, and the fact shown in the record that the headright by which the land was located did not issue until December 29, 1853, it is insisted that the said deed was not sufficient to convey title to the

land in question.   Appellants urge that the deed fails for want of description, and that it must be held that the certificate by which the land was secured not being then in existence, the deed has no reference to the land in controversy.

The certificate issued on December 21, 1853, recites that Lewis Duel, having entered the service of Texas and fallen with Travis at the Alamo, his heirs were entitled to a one-third league of land as the headright of said Lewis Duel, under the provisions of the Act of February 9, 1850, etc.

It is judicially known that certificates for one-third of a league of land were headrights, and of such the beneficiary was not granted more than one.   It follows, therefore, that the deed was sufficiently specific to designate as its subject matter the certificate which was located upon the survey in question, to wit, the headright of said Duel, and it could apply to nothing else.   It is clear, whatever right P. H. Coe had in said certificate, under the evidence before us, it was divested from his heirs by the deed from his executrix to Towns, and under the deed from Towns has become vested in the defendants.

The judgment is affirmed.

*Affirmed.*

Delivered April 25, 1894.

FLY, Associate Justice, did not sit in this case.

Writ of error refused by Supreme Court, June 28, 1894.